IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

YUMIL PEREZ,
    Plaintiff

v.                             Case No. 3:15-cv-165-KRG-KAP

SHAWN KEPHART
    Defendant

### Report and Recommendation

**Recommendation**

Plaintiff filed a complaint that I recommended be served on a representative defendant for injunctive relief, and otherwise dismissed. See ECF no. 6. No one objected. After discovery, the defendant filed an unopposed motion for summary judgment, ECF no. 32. The motion should be granted on the grounds that plaintiff failed to exhaust his administrative remedies before filing a complaint.

**Report**

The Prison Litigation Reform Act (PLRA) of 1996 amended the Civil Rights of Institutionalized Persons Act (CRIPA), 42 U.S.C.§ 1997e(a), to state:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. (my emphasis)

A complaint filed before available administrative remedies are exhausted may not be entertained. Booth v. Churner, 532 U.S. 731, 738 (2001). That is so even if there is a lack of fit between the

relief sought in the complaint and that offered through any administrative remedy system, because as a matter of statutory construction the Supreme Court directs courts not to "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." Id., 532 U.S. at 741 n.6.

The administrative remedy system in the Pennsylvania Department of Corrections is in relevant part described by DC-ADM 804, which prescribes a three-tier process of investigation and decisionmaking. At the first level, a facility's grievance coordinator investigates or refers an inmate grievance to the relevant person for investigation and at least one of them responds to the inmate in writing. The inmate may appeal an unsatisfactory response to the second level, the facility's warden, with a third and final level of review in the Pennsylvania Department of Corrections's central office. The Chief Grievance Officer can affirm a warden's decision, modify or overrule it, or remand it for further proceedings. Failure to comply with the requirements of the remedy system procedurally defaults a claim. See Spruill v. Gillis, 372 F.3d 218, 222 (3d Cir.2004) (discussing a former version of DC-ADM 804).

Perez, despite notice, ECF no. 23, and ample time to respond, does not dispute Kephart's evidence that he did not appeal

2

Grievance No. 511646 to final review and that Grievance No. 562952, though exhausted, does not pertain to the issues in this complaint. See ECF no. 33, Defendant's Brief at 3. Grievance No. 511646 and Grievance No. 562952 themselves and the responses thereto are Exhibits 4 and 5 respectively in Defendant's Appendix, ECF no. 35. Additionally, if Grievance No. 562952 were relevant to the claims in the complaint as amended, it would not aid Perez because his complaint was filed in federal court before the remedial process was complete as to that grievance.

Because Perez did not exhaust his administrative remedies as to the claims advanced in this matter, summary judgment should be entered for the defendants.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to file written objections to this Report and Recommendation.

DATE: 22 M, 217

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Yumil Perez JG-2234
S.C.I. Somerset
1600 Walters Mill Road
Somerset, PA 15510